IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KATHRYN DAWN BROCK**                                                      **PLAINTIFF**

**V.**                                           **NO: 3:20CV160-M-JMV**

**ANDREW M. SAUL**
**COMMISSIONER OF SOCIAL**
**SECURITY**                                                       **DEFENDANT**

## MEMORANDUM OPINION

On consideration of the file and record of this action, the Court finds that the Report and Recommendation ("R&R") of United States Magistrate Judge Jane Virden [25], dated June 29, 2021, is due to be adopted.

### Procedural Background

The R&R was entered on June 29, 2021, and on July 16, 2021, defendant Andrew M. Saul, the Commissioner of Social Security ("Commissioner"), filed Objections to the Magistrate's R&R [28]. Plaintiff Kathryn Dawn Brock filed a response in opposition to the objections on July 29, 2021 [31]. The Court has considered the R&R, the objections, and the response, and finds the commissioner's objections and arguments unpersuasive.

### Standard of Review

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the ... report and recommendation to which the [parties] specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F. Supp. 2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)).

**Discussion**

The R&R states that the disabled parking permit application was not properly considered, as it is a medical opinion which must be considered by the Administrative Law Judge ("ALJ"). The Magistrate Judge stated that the failure to consider the medical opinion evidence is reversible error. As discussed in the R&R, an ALJ must "articulate in [the] determination or decision how persuasive [the ALJ] find[s] all of the medical opinions." 20 C.F.R. § 404.1520c(b). Magistrate Judge Virden also states that the ALJ must do more than reject a medical opinion by implication, and this would require the ALJ to "explain how [the ALJ] considered the supportability and consistency factors for a medical source's medical opinion … in [their] determination or decision." *Id*. § 404.1520c(b)(2). Magistrate Judge Virden reiterates that the failure to discuss this medical opinion is legal error.

The first objection made by the defendant is that the disabled parking permit application is not a medical opinion and thus not subject to the articulation requirements of 20 C.F.R. § 404.1520c(b). The defendant states that Dr. Crosby's statement on plaintiff's disabled parking application does not meet the definition of a medical opinion, which is "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions." *Id*. § 404.1513 (a)(2). More specifically, the disabled parking application had two criteria checked by Dr. Crosby which were: [plaintiff] (1) "cannot walk 200 feet without stopping to rest," and (2) "is severely limited in their ability to walk due to an arthritic, neurological, or orthopedic condition." Defendant believes that the parking application, at best, should fall under the category of "other medical evidence" which is defined as is evidence from a medical source that is not objective medical evidence or a medical opinion,

2

including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis. *Id*. § 404.1513(a)(3).

The Court is hesitant in its conclusion that an application for disabled parking permit is considered a medical opinion in that someone who receives a disabled parking permit could be found not to be disabled, and vice versa, it is possible that there was not an intention for checked boxes to meet the definition of a medical opinion. The Court further senses that generally a disabled parking application in which a doctor checks a box would fall short of constituting a medical opinion, but the parking permit application does in fact qualify as a medical opinion under the definition provided in 20 C.F.R. § 404.1513(a)(2). However, the Court finds Magistrate Judge Virden's opinion well-reasoned and persuasive and thus holds that the statements on the disabled parking application meet the definition of a medical opinion. The statements checked by Dr. Crosby speak to both requirements of a medical opinion, which again are "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions." *Id*. § 404.1513 (a)(2). The Court also notes a previous decision within this district which held that the ALJ must articulate how persuasive the ALJ found the doctor's medical opinion given in connection with an application for a disabled parking permit. *Arbuckle v. Commissioner of Social Security*, No. 3:20-cv-150-RP, 2021 WL 2879968 (N.D. Miss. July 8, 2021). Since the disabled parking permit application is a medical opinion, it is subject to the articulation requirements set forth in 20 C.F.R. § 404.1520c(b).

Defendant's second objection states that even when assuming the disabled parking application constitutes a medical opinion, no separate articulation of the opinion was required. Defendant claims that the Magistrate Judge erred by finding that the ALJ committed legal error by not discussing the parking permit application. This argument relies on the out-of-context citation

3

to 20 C.F.R. § 404.1520c(b)(1) which states that "[the ALJ] [is] not required to articulate how [the ALJ] considered each medical opinion or prior administrative medical finding from one medical source individually." To provide context, 20 C.F.R. § 404.1520c also states that "when a medical source provides multiple medical opinion(s) … we will articulate how we considered the medical opinions ... from that medical source together in a single analysis…." As Magistrate Judge Virden stated in the R&R, the regulations require the ALJ to "articulate in [the] determination or decision how persuasive the ALJ find[s] all of the medical opinions." [25] 20 CFR 1520c(b). The Court agrees with Magistrate Judge Virden's analysis and finds the omission of Dr. Crosby's medical opinion to be legal error.

The third objection made by defendant is that the ALJ's decision is supported by substantial evidence and should be affirmed. Defendant argues that substantial evidence is established by the record which contains enough physical exam findings to support the ALJ's finding that plaintiff is capable of performing the range of work assessed by the ALJ.

As Magistrate Judge Virden explains in the R&R, there are no cases cited by the commissioner that state the ALJ's failure to address an examining physician's medical opinion is deemed harmless. "Such an error makes it impossible to know whether the ALJ properly considered and weighed an opinion…" [25] citing *Kneeland v. Berryhill*, 850 F.3d 749, 762 (5th Cir. 2017). If the ALJ legally errs by rejecting a medical opinion without explanation, the result is a Residual Functional Capacity assessment not based on substantial evidence. *Kneeland*, 850 F.3d at 759. The Court finds that the commissioner's decision is thus not supported by substantial evidence.

**Remainder of Report and Recommendation**

The Court has reviewed the remaining portions of the R&R to which no objections were filed and finds no plain error on the face of the record.

**Conclusion**

After reviewing the record, the R&R, defendant's objections and relevant law, the Court finds that the objections to the R&R are **OVERRULED**, and the R&R is **APPROVED** and **ADOPTED** as the opinion of the Court. The Commissioner's decision is **REVERSED IN PART** in so far as it concerns the Plaintiff's claim that the ALJ failed to properly analyze Dr. Crosby's medical opinion that Plaintiff was limited to walking 200 feet and had severely limited ambulatory ability, and the Commissioner's decision is **AFFIRMED IN PART** in all other respects. The Commissioner's decision is **REMANDED** for further proceedings in accordance with the R&R. On remand, the ALJ should properly consider Dr. Crosby's medical opinion in question, and if appropriate, make the necessary inquiry of a vocational expert to assess what, if any, impact the medical opinion has on the available job base.

**SO ORDERED**, this 15th day of September, 2021.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI